BRETZ & YOUNG, L.L.C.
3 Compound Drive
P.O. Box 1782
Hutchinson, KS 67504-1782
(620) 662-3435
Fax (620) 662-3445

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. [ ]

THE ESTATE OF NORMAN FRANZ, by and through
its duly appointed special administrator Sonya Harris,
SONYA HARRIS, RHONDA KING, and KEVIN FRANZ,
heirs at law of Norman Franz, deceased,

      Plaintiffs,

v.

CHARLES J. FOX, M.D., MARY CARR, M.D.,
DENVER HEALTH MEDICAL CENTER,
and DENVER HEALTH AND HOSPITAL AUTHORITY,

      Defendants.

## COMPLAINT AND JURY DEMAND

    COME NOW the Plaintiffs and for their cause of action against the Defendants, state and allege as follows:

1.     The Estate of Norman Franz has been duly opened in the Ford County, Kansas, District Court, and Sonya Harris has been appointed as Special Administrator.

2. Pursuant to Colorado Revised Statute § 13-21-201(1)(a)(III), Carole Franz, the surviving spouse of Norman Franz, has made a written election to allow Mr. Franz' heirs to pursue this wrongful death action in the first year after his death.

3. Plaintiff Sonya Harris is an individual and resident of Wichita, Kansas, and is a daughter and an heir at law of Norman Franz.

4. Plaintiff Rhonda King is an individual and resident of Atglen, Pennsylvania, and is a daughter and an heir at law of Norman Franz.

5. Plaintiff Kevin Franz is an individual and resident of Dodge City, Kansas, and is the son and an heir at law of Norman Franz.

6. Defendant Charles J. Fox, M.D., is an individual, a resident of Denver, Colorado, and is a physician licensed to practice medicine in the state of Colorado, specializing in vascular surgery. He may be served with process at his residential address, 1190 York Street, Denver, Colorado 80206.

7. Defendant Mary Carr, M.D., is an individual, a resident of Denver, Colorado, and is a physician licensed to practice medicine in the state of Colorado, specializing in surgery. She may be served with process at her residential address, 301 Harrison Street, Unit 103, Denver, Colorado 80206.

8. Defendant Denver Health Medical Center is a public hospital in Denver, Colorado operated by the Denver Health and Hospital Authority and may be served with process by serving Rus Heise, Chairman of the Board of Directors, Denver Health and Hospital Authority, 660 Bannock Street, Mail Code 1919, Denver, Colorado 80204-4506.

9. Defendant Denver Health and Hospital Authority is a political subdivision of the state of Colorado and is responsible for the operations of the Authority's health system, including Denver Health Medical Center. Denver Health and Hospital Authority may be served with process by serving Rus Heise, Chairman of the Board of Directors, Denver Health and Hospital Authority, 660 Bannock Street, Mail Code 1919, Denver, Colorado 80204-4506.

10. This Court has jurisdiction of this case because complete diversity of citizenship exists and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

11. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

12. At all times material to this action, Colorado Revised Statute § 24-10-106(1) was in effect, which states in pertinent part: "Sovereign immunity is waived by a public entity in an action for injuries resulting from: . . . (b) The operation of any public hospital, correctional facility, as defined in section 17-1-102, C.R.S., or jail by such public entity; ... ."

13. Plaintiffs provided timely written notice of this claim to Defendants as required by Colorado Revised Statute § 24-10-109. A copy of the notice is attached hereto and incorporated by reference as Exhibit 1.

14. On or about April 26, 2016, Norman Franz was out in his yard at home in Dodge City, Kansas when he experienced acute pain and numbness in his right foot and drove himself to Western Plains Medical Center in Dodge City.

15. Norman Franz was found to have a right femoral artery aneurysm and a known abdominal aortic aneurysm and transported by ambulance to Denver Health Medical Center.

16. On April 27 and 28, 2016, staff of Defendant Denver Health performed thrombolysis procedures on Norman Franz in an attempt to improve circulation in his right foot.

17. On May 3, 2006, Defendants Charles J. Fox, M.D., and Mary Carr, M.D., performed surgery on Norman Franz at Denver Health Medical Center to address the two aneurysms.

18. During surgery, Dr. Fox and Dr. Carr negligently placed a stent approximately 1.5 inches superior to the right renal artery overlying the celiac, superior mesenteric and bilateral renal arteries almost to the level of the diaphragm, cutting off the blood supply to vital organs.

19. On May 5, 2016, Norman Franz died as a result of complications of bowel necrosis due to vascular occlusion due to the negligent placement of the stent.

20. Dr. Fox and Dr. Carr had a duty to exercise that degree of care, skill, diligence, caution, and foresight exercised by and expected of a reasonably careful physician in their respective specialties with respect to the care and treatment of Norman Franz.

21. Dr. Fox and Dr. Carr deviated from the standard of care by failing to provide reasonably careful care to Norman Franz.

22. Staff at Denver Health had a duty to exercise that degree of care, skill, diligence, caution, and foresight exercised by and expected of a reasonably careful medical personnel in their respective specialties with respect to the care and treatment of Norman Franz.

23. Staff at Denver Health failed to provide reasonably careful care to Norman Franz.

24. Norman Franz's death was caused by the negligence of Dr. Fox and Dr. Carr in placement of the stent.

25. Specifically, Dr. Fox and Dr. Carr were negligent in the following, and other respects:

    a. in failing to use contrast;

    b. in failing to ensure proper stent placement;

    c. in failing to identify the celiac trunk, the superior mesenteric artery and bilateral renal arteries; and

    d. in failing to use available software to ensure proper placement.

26. Staff at Denver Health were also negligent in failing to use available software to ensure proper stent placement, and in failing to fully educate physicians and staff, and in failing to have and enforce policies and procedures to ensure proper stent placement.

27. As a result of the negligence of Dr. Fox, Dr. Carr and Denver Health staff, Norman Franz endured extreme pain and suffering prior to his death.

28. Dr. Fox and Denver Health have admitted that the stent was put in the wrong place, that it was an error, and that the care provided to Norman Franz did not follow the standard.

29. Defendant Denver Health is vicariously liable for the negligence of its employees in the care and treatment of Norman Franz.

30. The Estate of Norman Franz brings a claim for medical bills and for funeral and burial expenses.

31. Plaintiffs Sonya Harris, Rhonda King and Kevin Franz have suffered and will continue to suffer in the future non-economic damages including grief, loss of companionship, pain and suffering, emotional stress, and other consequential damages, and bring a claim for such damages and any other economic and non-economic damages allowed under Colorado's wrongful death statute.

WHEREFORE, Plaintiffs pray for judgment against each of the Defendants in an amount in excess of $75,000.00, for costs of this action, and for such other and further relief as the Court deems just and equitable.

### CERTIFICATE OF REVIEW

Pursuant to Colorado Revised Statute § 13-20-602, undersigned counsel for Plaintiffs hereby certifies that he has consulted with a physician who has expertise in the area of the alleged negligent conduct, that the physician who was consulted reviewed the known facts, including such records, documents, and other materials which the professional found to be relevant to allegations of negligent conduct, and that based on the review of such facts, the physician concluded that the filing of the claim in this action does not lack substantial justification. Counsel further certifies that the physician consulted meets the requirements of Colorado Revised Statute § 13-64-401.

### REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs respectfully make demand for a trial by jury on all issues so triable.

Respectfully,

By: _____
Matthew L. Bretz
**BRETZ & YOUNG, L.L.C.**
3 Compound Drive
P.O. Box 1782
Hutchinson, KS 67504-1782
(620) 662-3435
Fax (620) 662-3445
matt@byinjurylaw.com
Attorney for Plaintiffs